SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Ronald Allen Rowe

                Plaintiff,

v.

Janice K. Brewer, et al.,

                Defendants.

No.  CV 13-1513-PHX-DGC (MEA)

**ORDER**

On July 25, 2013, Plaintiff Ronald Allen Rowe, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  (Doc. 1, 2.)  Plaintiff also filed a Motion for a Temporary Restraining Order and a Preliminary Injunction.  (Doc. 4.) Plaintiff later filed another *in forma pauperis* application.  (Doc. 7.)  The Court will deny the motion and the second *in forma pauperis* application, and dismiss the Complaint for failure to state a claim with leave to amend.

**I.**	**Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's July 25 Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

JDDL-K

agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim.  However, because the Complaint may be amended to state a claim, the Court will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Governor Janice K. Brewer; Arizona Department of Corrections (ADC) Director Charles L. Ryan; Tucson Complex Warden Sally Walker; Santa Rita Unit Deputy Warden (DW) Anna Jacobs; the Lewis Complex Warden, whose name is unknown (John Doe); Barchey Unit DW Anne Reeder; Yuma Complex Warden Richard Allen Bock; Cibola Unit DWs Adam Bradley and E. Jensen; and Cibola Unit Assistant DW Wallace.[1]  Plaintiff seeks declaratory, injunctive, and compensatory relief.

Plaintiff asserts four claims for relief.  Plaintiff generally alleges that he is a medium-custody inmate who suffers from bi-polar depressive disorder and post-traumatic stress disorder.  Plaintiff designates Counts I and II as claims for threat to safety and/or violation of state law, but he primarily complains of his conditions of confinement.  Plaintiff designates Counts III and IV as claims for the denial of basic necessities, but

---

[1]    Plaintiff appears to have submitted a copy of a complaint filed by another inmate in another case.  In portions of his Complaint, Plaintiff refers to former ADC Director Dora Schriro and "Davenport" as Defendants, but he did not name Schriro or Davenport as a defendant and the Court disregards allegations against them.  Further, as discussed below, Plaintiff refers to his third amended complaint, but Plaintiff has not filed a second amended complaint, much less a third amended complaint.

1    again primarily complains about his conditions of confinement, including the alleged

2    denial of adequate outside recreation.

3         Counts I and II are based on the following allegations:  since June 26, 2009,

4    Plaintiff has been confined in medium-custody units.  For some period, Plaintiff was

5    confined in the Lewis Complex, Barchey Unit, in Buckeye, Arizona.  Between January

6    16 and July 16, 2012, Plaintiff was confined in the Yuma Complex, Cibola Unit, in San

7    Luis, Arizona.[2]  Plaintiff has also been confined in the Tucson Complex, Santa Rita or

8    Cimarron Units.

9         Plaintiff claims Defendants Ryan, Doe, Walker, Jacobs, Reeder, Bock, Bradley,

10   Jensen and Wallace have knowledge that "dangerous inmates … impose mandatory

11   prison gang rules on inmates at the threat of violence or death . . . ."  (Doc. 1, ¶ 41.)

12   Their rules include "illicit acts of inmate-on-inmate violence"; "extortion of inmate[']

13   monies or personal property"; participation in riots; "censorship of inmate['] verbal

14   and/or written communication with or to prison officials, medical staff, to the outside

15   world"; and "[m]onitoring of inmate's assigned housing area, assigned prison job, and all

16   inmate activities."  (*Id.*)  Plaintiff claims that an inmate's only recourse is to complain to

17   prison officials who respond by confining the complaining inmate in a maximum custody

18   punitive segregation unit "for months or years," while the dangerous inmates remain in

19   medium custody without sanctions.  (*Id.*, ¶ 42.)  When a complaining inmate is placed

20   back into the medium custody inmate population, he faces a "heightened substantial risk

21   of serious inmate-on-inmate violence."  (*Id.*, ¶ 43.)

22        According to Plaintiff, while he was housed in the Lewis, Yuma and Tucson

23   Complexes, Ryan, Doe, Reeder, Walker, Jacobs, Bock, Bradley, Jensen, and/or Wallace

24   confined him for 18 to 22 hours a day, and frequently for 24 hours a day, in a grossly

25   overcrowded and understaffed "double bunked" dormitory prison, which exceeded design

26

27        [2]  Information available on ADC's website reflects that Plaintiff has been confined
     in   the   Cibola   Unit   since   January,   2012.   *See*
28   http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?InmateNumber=04
     5526&LastName=ROWE&FNMI=R&SearchType=SearchInet (last visited Dec. 10,
     2013).

capacity.  The double bunks obstructed prison officials' observation of inmates and their behavior, and corrections officers seldom made security walks, thereby allowing dangerous inmates to extort Plaintiff "to obey prison gang rules and of personal property[.]"  (*Id.*, ¶ 45.)  He contends that to the present, Ryan, Bock, Jensen, and Wallace continue to confine inmates in overcrowded dormitories with insufficient staff.

On information and belief, Plaintiff asserts that on or about May 5, 2013 a dangerous inmate received orders from another dangerous inmate to "target certain other dangerous inmate and to clean up the yard (meaning certain unspecified inmates) must be assaulted or killed and/or forced to leave the Unit."  (Doc. 1, ¶ 52.)  Plaintiff asserts that Defendants Ryan, Doe, Reeder, Walker, Jacobs, Bock, Bradley, Jensen, and Wallace have a practice of not segregating dangerous inmates from the general population, or each other, until an inmate-on-inmate assault occurs.  He contends that Brewer, Ryan, Doe, Reeder, Walker, Jacobs, Bock, Bradley, Jensen, and Wallace had and have actual knowledge of "the substantial risk of serious harm" to him.  (*Id.*, ¶ 54.)  Specifically, he asserts they knew "about the dangerous inmates, the prison gang rules the dangerous inmates impose on plaintiff that are mandatory at the threat of violence or death, and the illicit acts" and they knew of the "heightened substantial risk of serious harm to plaintiff caused by the double bunking in dormitories, and double bunking in cells and guards failure to supervise inmates and inmate['] living areas."  (*Id.*)  As a result, "[n]umerous inmates have and continue to suffer" assaults, death, "mental or psychological pain[,] suffering and worsening of mental illness."  (*Id.*, ¶ 55.)  He contends that such assaults were "observed by" or "reported to" the Defendants.  (*Id.*)

In addition, on "information and belief," Plaintiff asserts that Defendants knew or learned of the assaults by dangerous inmates because "thousands of inmates [including] plaintiff filed written statements complaining about the dangerous inmates, threats and assaults by the dangerous inmates, the prison gang rules they impose, and inadequate safety with the Special Services Unit and criminal investigation unit."  (*Id.*, ¶ 56.)  Plaintiff contends that despite these complaints, Defendants failed to comply with state

statutory requirements and ADC policy by "fail[ing] to take reasonable measures to abate the substantial risk of serious harm" when they "allow the dangerous inmates to go on undisciplined and without criminal sanction" and without "segregate[ing] dangerous inmates." (*Id.*)  As a result of these failures, Plaintiff states he has suffered physical and psychological injuries, pain and suffering, worsening of his mental illness, and monetary loss.  (*Id.* at 3.)

Counts III and IV are based on the following allegations:  Defendants Ryan, Doe, Reeder, Walker, Jacobs, Bock, Bradley, Jensen, and Wallace "denied Plaintiff adequate outside exercise [and] in doing so defendants have acted with deliberate indifference to a substantial risk of serious ham." (*Id.* at 5.)  While housed in the Santa Rita Unit, Ryan, Walker, and Jacobs housed him in "grossly overcrowded and understaffed buildings double bunked two inmates in a cell" for 18 to 22 hours per day due to inmate violence and staff shortages, which typically resulted in only 45 minutes out of cell time per day. (*Id.*, ¶ 70.)  Plaintiff has been confined in similar conditions in the Cibola Unit to the present.  The noise levels are high due to inmates yelling and playing televisions and radios at high volumes.  He asserts the denial of adequate preventive medical care, citing an ongoing class action regarding the issue, *Parsons v. Ryan*, No. CV12-0601-PHX-NVW.  Plaintiff asserts that he was denied outside exercise in violation of his Eighth Amendment rights by Defendants Brewer, Ryan, Doe, Walker, Jacobs, Bock, Bradley, Jensen, and Wallace.

**IV.  Failure to State a Claim under 42 U.S.C. § 1983**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*,

423 U.S. 362, 371-72, 377 (1976).

### A.    Defendant Brewer

Plaintiff sues Arizona Governor Brewer.  Eleventh Amendment immunity bars suit for damages against Brewer in her official capacity for violations of federal law, but does not bar suit for declaratory or injunctive relief against her.  *See Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).   However, an "individual state official sued 'must have some connection with the enforcement of the act.'"  *Id.* (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).  Further, "that connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over persons responsible for enforcing the challenged provision will not subject an official to suit.'"  *Id.* (quoting *Los Angeles County Bar Ass'n v. Eu*, 979 F.3d 697, 704 (9th Cir. 1992)).

Plaintiff makes generalized and vague allegations against Brewer without alleging any connection by Brewer to any alleged constitutional violations.  Plaintiff accordingly fails to state a claim against Brewer.

### B.    Violations of Other Inmates' Rights

In his Complaint, Plaintiff appears to seek relief on behalf of other inmates.  A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"  *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Accordingly, Plaintiff's claims raised on behalf of other inmates do not state a claim for relief and will be dismissed.

### C.    Threat to Safety

Plaintiff designates Counts I and II as claims for threat to safety.  .  An Eighth Amendment claim requires a sufficiently culpable state of mind by the defendants, known as "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  To state a claim of deliberate indifference, plaintiffs

1    must satisfy a two-part test.  First, the alleged constitutional deprivation must be,

2    objectively, "sufficiently serious"; and the official's act or omission must result in the

3    denial of "the minimal civilized measure of life's necessities."  *Id.* at 834.  Second, the

4    prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with

5    deliberate indifference to inmate health or safety.  *Id.*  In defining "deliberate

6    indifference" in this context, the Supreme Court has imposed a subjective test: "the

7    official must both be aware of facts from which the inference could be drawn that a

8    substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837

9    (emphasis added).

10   "[A] prison official may be held liable under the Eighth Amendment for denying

11   humane conditions of confinement only if he knows that inmates face a substantial risk of

12   serious harm and disregards that risk by failing to take reasonable measures to abate it."

13   *Id.* at 847.  A plaintiff "may demonstrate deliberate indifference by showing that the risk

14   of harm was 'longstanding, pervasive, well-documented, or expressly noted by prison

15   officials in the past' such that the defendants 'must have known' about the risk."  *Betts v.*

16   *New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3rd Cir. 2010) (quoting *Farmer*, 511

17   U.S. at 842).  A prisoner facing unsafe prison conditions and seeking injunctive relief to

18   "prevent a substantial risk of serious injury from ripening into actual harm" need not wait

19   for an event such as an assault before obtaining relief.  *Farmer*, 511 U.S. at 845.

20   Nearly all of Plaintiff's allegations in Counts I and II concern inmates generally,

21   and not Plaintiff specifically.  For example, Plaintiff alleges that inmates who complain

22   about dangerous inmates are placed in punitive segregation units for months or years, but

23   he does not allege that *he* was placed in punitive segregation for complaining, and, if so,

24   when, by whom, and other relevant circumstances.  Similarly, Plaintiff asserts that

25   "inmate-on-inmate extortion and assault was a daily event by the dangerous inmates," but

26   he does not state that he was personally a victim of extortion and assault or allege when,

27   where, by whom, or facts to support that any Defendant had knowledge of such incident.

28   Finally, although Plaintiff alleges that Defendants were aware that he was in danger, he

1    fails to allege facts to support how any Defendant was aware of a threat to Plaintiff.

2    Plaintiff thus fails to allege facts to support that his personal safety was threatened, that

3    specific Defendants were aware of a threat to his safety, and that Defendants failed to act

4    to alleviate such threat.

5    **D.    Conditions of Confinement**

6    In all of his claims, Plaintiff complains about his conditions of confinement,

7    primarily overcrowding and denial of outside recreation.    To state a claim for

8    unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts

9    or omissions have deprived the inmate of "the minimal civilized measure of life's

10   necessities" and that the defendant acted with deliberate indifference to an excessive risk

11   to inmate health or safety.    *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (citing

12   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see Estate of Ford v. Ramirez-Palmer*,

13   301 F.3d 1043, 1049-50 (9th Cir. 2002).    That is, a plaintiff must allege a constitutional

14   deprivation that is objectively "sufficiently serious" to result in the denial of "the minimal

15   civilized measure of life's necessities."    *Farmer*, 511 U.S. at 834.    Allegations of

16   overcrowding, alone, are insufficient to state a claim.    *See Rhodes v. Chapman*, 452 U.S.

17   337, 348 (1981).    When overcrowding causes an increase in violence or reduces the

18   provision of other constitutionally required services, or reaches a level where the

19   institution is no longer fit for human habitation, the inmate's right against cruel and

20   unusual punishment may be violated.    *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d

21   461, 471 (9th Cir. 1989); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984).

22   Whether conditions of confinement rise to the level of a constitutional violation may

23   depend, in part, on the duration of an inmate's exposure to those conditions.    *Keenan v.*

24   *Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678,

25   686-87 (1978)), *amended by* 135 F.3d 1318 (9th Cir. 1998).

26   A plaintiff must also allege facts supporting that a defendant had a "sufficiently

27   culpable state of mind," i.e., that the official acted with deliberate indifference to inmate

28   health or safety.    *Farmer*, 511 U.S. at 834.    In defining "deliberate indifference," the

**JDDL-K**

Supreme Court has imposed a subjective test, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837. "'The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred.'" *Hearns v. Terhune*, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

Plaintiff complains of overcrowding. Plaintiff's allegations are vague, conclusory, and contradictory about when, where, and the extent of overcrowding in particular units. Plaintiff fails to allege specific facts to support that overcrowding led to an increase in violence, reduced the provision of other constitutionally required services, or reached a level where the institution was no longer fit for human habitation. Moreover, Plaintiff fails to allege specific facts to support that each Defendant knew of, but disregarded, an excessive risk to *Plaintiff.*

To the extent that Plaintiff alleges that he received constitutionally-inadequate outside recreation, he also fails to state a claim. While [d]eprivation of outdoor exercise can rise to the level of a constitutional violation, *Keenan*, 83 F.3d at 1089, prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). But, "[t]he cost or inconvenience of providing adequate [exercise] facilities is not a defense to the imposition of a cruel punishment." *Id*. at 200. "[T]he lack of outside exercise for extended periods is a sufficiently serious deprivation and thus meets the requisite harm necessary to satisfy" the objective requirement for an Eighth Amendment violation. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993).

Plaintiff indicates that he received 45 minutes of outside recreation per day. He has not alleged facts to support that he was denied outside recreation for a prolonged period. Accordingly, he fails to state a claim on that basis.

**V.    State Law Claim**

In Count II (in part), Plaintiff asserts a violation of the Arizona Constitution, i.e.,

stat law.  If a federal court has original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely-related state law claims.  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)).  Because Plaintiff fails to state a *federal* claim in his Complaint, the Court declines to exercise jurisdiction over his state law claim in his Complaint and will dismiss that claim without prejudice.  28 U.S.C. § 1367(c).  If Plaintiff seeks to pursue that claim in this action, he must reallege that claim in any amended complaint.

**VI.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First

1   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

2   entirety on the court-approved form and may not incorporate any part of the original

3   Complaint by reference.  Plaintiff may include only one claim per count.

4          A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

5   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

6   F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

7   complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

8   in the original complaint and that was voluntarily dismissed or was dismissed without

9   prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*

10  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

11  **VII.    Motion for Injunctive Relief**

12         In his Motion, Plaintiff repeats some of the same allegations stated in his

13  Complaint regarding dangerous inmates, prison gang rules, assaults, overcrowding,

14  understaffing, and lack of outside exercise.  Plaintiff appears to seek injunctive relief

15  concerning the conditions complained about in his Complaint.

16         To obtain injunctive relief, the moving party must show "that he is likely to

17  succeed on the merits, that he is likely to suffer irreparable harm in the absence of

18  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

19  the public interest."  *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008);

20  *Am. Trucking Assoc., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  In

21  addition, the "serious questions" version of the sliding scale test for preliminary

22  injunctions remains viable after the Supreme Court's decision in *Winter*.  *Alliance for the*

23  *Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134-35 (9th Cir. 2011).  Under that test, a

24  preliminary injunction is appropriate when a plaintiff demonstrates that "serious

25  questions going to the merits were raised and the balance of hardships tips sharply in

26  [plaintiff's] favor."  *Id.* (citing *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir.

27  2008) (en banc)).  That approach requires that the elements of the preliminary injunction

28  test be balanced, so that a stronger showing of one element may offset a weaker showing

of another.  "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  A plaintiff must also satisfy the other *Winter* factors, including the likelihood of irreparable harm.  *Id.*  The moving party has the burden of proof on each element of the test.  *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

In addition, a temporary restraining order without notice may be granted *only* if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and the movant certifies to the court in writing any efforts made to give notice and the reasons that notice should not be required.  Fed.R.Civ.P. 65(b).  A "court may only issue a preliminary injunction on notice to the adverse party."  Fed.R.Civ. P. 65(a)(1).

As addressed above, Plaintiff fails to state a claim in his Complaint and he has not otherwise alleged or shown specific facts to demonstrate an immediate and irreparable injury, loss, or damage will result before an adverse party can be heard.  In addition, Plaintiff indicates that he has not provided notice to any Defendant or certified efforts he made to give notice or reasons why notice should not be required.  Accordingly, Plaintiff's Motion will be denied.

**VIII.  Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's July 25, 2013 Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     Plaintiff's September 9 2013 Application to Proceed *In Forma Pauperis* (Doc. 7) is **denied** as moot.

(3)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

filing fee.

(4)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(7)     Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 4) is **denied**.

Dated this 30th day of December, 2013.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                    1

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                                 U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10               405 West Congress Street
Phoenix, Arizona  85003-2119                          Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. You must exhaust any available administrative remedies before you file a civil rights complaint. <u>See</u> 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , <br> (Full Name of Plaintiff)    Plaintiff, <br><br> vs. <br><br> (1) _____ , <br> (Full Name of Defendant) <br> (2) _____ , <br><br> (3) _____ , <br><br> (4) _____ , <br>            Defendant(s). <br> ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) <br> ) <br> ) <br> ) <br> ) **CASE NO.** _____ <br> )        (To be supplied by the Clerk) <br> ) <br> ) <br> ) <br> ) <br> ) **CIVIL RIGHTS COMPLAINT** <br> )        **BY A PRISONER** <br> ) <br> ) ☐ Original Complaint <br> ) ☐ First Amended Complaint <br> ) ☐ Second Amended Complaint |

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                          (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                          (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                          (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
     _____ at _____.
                          (Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

     a.  First prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

     b.  Second prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

     c.  Third prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No

b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____

_____.

2.  **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**

a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No

b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No

c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No

d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .


2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities              ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .


4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .


5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.